# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEE SHAVERS, | CASE NO. 1:12-cv-00394-LJO-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| RUIZ, et al., | (Doc. 1) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**I.      Screening Requirement and Standard**

Plaintiff Jesse Lee Shavers, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 5, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.     Discussion

Plaintiff brings this action against Pleasant Valley State Prison Correctional Officers Ruiz, Gamboa, and Reyes for depriving Plaintiff of his personal property, in violation of the Due Process Clause of the Fourteenth Amendment.[1] Defendants Ruiz, Gamboa, and Reyes were involved in taking Plaintiff's personal property and packing it in conjunction with Plaintiff's transfer to another institution. Plaintiff's claim arises from the alleged theft or loss of his property, for which he alleges Defendants are responsible.

Section 1983 provides a cause of action only for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v.

---

[1] Although Plaintiff also mentions the First and Fourth Amendment, Plaintiff's claim arises from the theft or loss of his personal property and his complaint is devoid of any acts which would support a claim against Defendants under either the First or the Fourth Amendment.

1  Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455
2  U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985),
3  "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a
4  violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment
5  if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.[2]

6       Neither an intentional theft nor a negligent loss of Plaintiff's personal property supports a
7  claim for relief under the Due Process Clause and therefore, section 1983 offers no redress. Because
8  this deficiency is not capable of being cured through amendment, dismissal without leave to amend
9  is appropriate.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d
10 1446, 1448-49 (9th Cir. 1987).

11 **III.   Order**

12      Based on the foregoing, it is HEREBY ORDERED that:

13     1.   This action is dismissed, with prejudice, for failure to state a claim upon which relief
14         may be granted under section 1983; and

15     2.   This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. §
16         1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

18 IT IS SO ORDERED.

19 Dated:   **October 12, 2012**           /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE

---

[2] California provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).

3