# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEE SHAVERS, | CASE NO. 1:12-cv-00394-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OF DISMISSAL |
| v. | (Doc. 16) |
| RUIZ, et al., | |
| Defendants. | |

Plaintiff Jesse Lee Shavers, a California state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 5, 2012. On October 12, 2012, the Court screened Plaintiff's complaint and dismissed the action, with prejudice, for failure to state a claim under section 1983. 28 U.S.C. § 1915A. On November 5, 2012, Plaintiff filed a motion seeking reconsideration of the dismissal. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j). In his motion, Plaintiff requests that he be allowed to proceed under section 1983 for the theft of his personal property by Defendants Ruiz, Reyes, and Gamboa and he includes a proposed amended complaint. (Doc. 16, Motion, pp. 1-5.)

The Court is required to provide notice of the deficiencies and an opportunity to amend unless it is clear that the deficiencies cannot be cured. Akhtar v. Mesa, No. 11-16629, 2012 WL 5383038, at *8 (9th Cir. Nov. 5, 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). In this case, the Court dismissed with action without granting leave to amend because Plaintiff's claim fails as a matter of law. The deficiency at issue was not attributable to any failing on Plaintiff's part in terms of his ability to articulate his claim but was instead attributable to the absence of redress under section 1983. The theft of Plaintiff's personal property by correctional staff does not state a claim

under section 1983 and the deficiency is not curable through amendment. <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff is limited to seeking redress under California law. <u>Barnett</u>, 31 F.3d at 816-17.

For these reasons, the Court did not err in dismissing this action without leave to amend and Plaintiff's motion for reconsideration of the dismissal is HEREBY DENIED. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j); <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008). Further redress may be sought from the appellate court, should Plaintiff so desire.

IT IS SO ORDERED.

**Dated:   November 6, 2012**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE