# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEE SHAVERS,<br><br>    Plaintiff,<br><br>    v.<br><br>RUIZ, et al.,<br><br>    Defendants.<br>_____/ | Case No.  1:12-cv-00394-LJO-SKO PC<br>Appeal No. 13-16361<br><br>**NOTICE AND ORDER FINDING THAT PLAINTIFF IS NOT ENTITLED TO PROCEED IN FORMA PAUPERIS ON APPEAL**<br><br>(Doc. 25) |

This civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jesse Lee Shavers, a state prisoner proceeding pro se and in forma pauperis, was dismissed on October 12, 2012, with prejudice, for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A. Plaintiff thereafter filed (1) a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) on November 5, 2012, which was denied on November 6, 2012; (2) a motion to amend pursuant to Fed. R. Civ. P. 15(a) on June 11, 2013, which was denied on June 12, 2013; and (3) a motion to amend or alter judgment on June 21, 2013, which was denied on June 25, 2013.

On July 3, 2013, Plaintiff filed a notice of appeal and on July 9, 2013, the Court of Appeals for the Ninth Circuit referred the matter to the district court for the limited purpose of determining if Plaintiff is entitled to proceed in forma pauperis on appeal.  Fed. R. App. P. 24(a)(3).  For the reasons which follow, the Court finds that he is not and elects to revoke in forma pauperis status. *Id.*

Plaintiff failed to file a timely notice of appeal of either the dismissal of his case for failure to state a claim or the denial of his motion for reconsideration under Rule 60(b). Fed. R. App. P. 4(a). While Plaintiff's notice of appeal is silent regarding which order he is appealing, the Court will presume he is appealing both the denial of his motion to amend and the denial of his Rule 59 motion, as the appeal was timely filed as to either order. Fed. R. App. 3(c), 4(a).

Plaintiff's claim arose from the alleged theft of his personal property by two correctional officers, which does not support a viable claim for relief under section 1983. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984) (Due Process Clause not violated by random, unauthorized property deprivations if the state provides an adequate post-deprivation remedy); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (California provides an adequate post-deprivation remedy). In seeking leave to amend on June 11, 2013, Plaintiff failed to set forth any grounds entitling him to amend, a particularly critical flaw given the Court's prior explanation to Plaintiff that his theft claim failed as a matter of law and was not curable through amendment. Undeterred, Plaintiff then sought relief under Rule 59. In denying the motion, the Court informed Plaintiff that Rule 59 provides for post-trial relief. Plaintiff's Rule 59 motion was not timely filed but in any event, Rule 59 can provide no relief where there was no trial.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The test for allowing an appeal in forma pauperis is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous. *Gardner v. Pogue*, 558 F.2d 548, 550-51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962)) (quotation marks omitted); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed in forma pauperis as a whole).

In this instance, Plaintiff's appeal of the orders denying his motion for leave to amend and for relief under Rule 59 is not taken in good faith. Plaintiff's failure to support his motion to amend with *any* arguments justifying relief given the basis for dismissal and given that Rule 59

can provide no relief to Plaintiff, his appeal of the orders denying his motions is frivolous.[1]

Accordingly, the Court HEREBY ORDERS as follows:

1. Pursuant to Fed. R. App. P. 24(a)(3)(A), the Court finds that Plaintiff's appeal was not taken in good faith and he should not be permitted to proceed in forma pauperis on appeal;

2. Pursuant to Fed. R. App. P. 24(a)(4), the Clerk of the Court shall serve this order on Plaintiff and the Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **July 11, 2013**                        **/s/ Lawrence J. O'Neill**
                                                                   UNITED STATES DISTRICT JUDGE

---

[1] The Court notes for the record that in moving for reconsideration under Rule 60(b) on November 5, 2012, Plaintiff included a proposed amended complaint in which he again alleged the theft of his personal property by two correctional officers.  (Doc. 16, pp. 3-5.)

3